UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL DIETLE, | CASE NO.   1:12-cv-00605-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 7) |
| E. BORRERO, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

On April 6, 2012, Plaintiff Darrell Dietle, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 7.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 17.)  His Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint identifies the following officials at Kern Valley State Prison (KVSP) as Defendants: (1) Biter, Warden; (2) S. Lopez, Chief Medical Officer; (3) Ortiz; (4) Dr. Patel, (5) P.A. Maricano; (6) Brewer; (7) J. Todd, Health Care Appeals Coordinator; (8) Gomez, Licensed Vocational Nurse (LVN); (9) E. Noriega, LVN; and ten John Does.

Plaintiff generally alleges that he is being exposed to toxic levels of arsenic through the water supplied at KVSP and that he is being denied adequate treatment for his serious medical needs. Plaintiff asserts that his Eighth Amendment rights have been violated and the Defendants are responsible. (Compl. at 1-3.)

## IV.  ANALYSIS

### A.  Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.  Insufficient Pleading

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's factual allegations are vague and span numerous separate filings with the Court. The documents are not filed in order and no one filing contains an entire description of Plaintiff's claims. Plaintiff refers to exhibits, letters, and declarations. The Court will not wade through exhibits to determine the basis of Plaintiff's claims. As pled, the Court can not discern whether Plaintiff's documents contain a viable claim. The Court will provide Plaintiff an opportunity to amend.

Any amended complaint must be complete within itself without reference to any prior pleading. Local Rule 220. Put another way, the Court will assess the amended complaint without consideration to the various documents previously filed by Plaintiff. Plaintiff must allege the facts supporting his claims plainly and simply. The allegations should be in chronological order and identify exactly how each named Defendant participated in the alleged violation of Plaintiff's rights. The following sections of this order include legal standards that may be applicable to Plaintiff's intended claims.

### C.    **Proper Joinder of Multiple Claims And Defendants**

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith,

4

507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See id.

Rule 18(a) allows multiple claims against a single party. However, multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

In order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff chooses to file an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

**D.      Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See

5

Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff may not attribute liability to groups generally.  Id. (requiring personal participation in the alleged constitutional violations); Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).  To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### E. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

6

often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. Farmer, 511 U.S. at 847.

For claims arising out of medical care in prison, Plaintiff "must show [1] a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way

7

in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

## V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:  May 6, 2013                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE